Robert A. NORTON, Trustee, d/b/a 921 Walnut Building Group, Plaintiff-Appellant,

v.

INSURANCE SERVICES OFFICE, d/b/a Insurance Services Office of Missouri and Thomas E. Scott, Defendants-Respondents.

No. KCD 29594.

Missouri Court of Appeals, Kansas City District.

July 31, 1978.

Charles F. Crews, Crews, Milliard & South, Kansas City, for plaintiff-appellant.

Truman K. Eldridge, Jr., John A. Vering III, Dietrich, Davis, Dicus, Rowlands & Schmitt, Kansas City, for defendants-respondents.

Before WELBORN, Special Judge, Presiding, PRITCHARD, J., and HIGGINS, Special Judge.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from judgment for defendants in action for damages for breach of lease. The question is whether the court erred in giving effect to a typewritten insertion in the lease over an inconsistent printed provision in the lease. Affirmed.

Plaintiff is the trustee for 921 Walnut Building Group, assignee of certain written leases between Columbia Union National Bank and Missouri Inspection Bureau, predecessor of Insurance Services Office, whose manager is defendant, Thomas E. Scott.

The lease in issue, dated August 1970, was for a period January 1, 1971, to December 31, 1973, extended by a written agreement from January 1, 1974, to December 31, 1974, at which time ISO had vacated the leased premises.

The lease was a standard printed form submitted by plaintiff's assignor to defendants' predecessor. Paragraph 14 of the printed form provided:

"This lease shall, at the expiration of the above mentioned term, be renewed for a like term, and shall at the expiration of any renewal of said term, be renewed for an additional term equal in time to the original term * * * ; provided, however, that should either party hereto desire to terminate * * * at the expiration of the above mentioned term, or at the expiration of any renewal thereof, the party so desiring to terminate may do so by giving written notice * * * to the other party at least ninety (90) days before the expiration of the above mentioned term, or any renewal thereof."

Paragraph 17 of the lease, added by typewriter by defendants prior to execution by the parties, provided:

"Lessee has the option to renew this lease for another two years at the end of the term of the lease, by giving Lessor 60 days written notice."

Plaintiff-appellant's position is that the lease was automatically renewed for a period of three years following December 31, 1974, pursuant to paragraph 14; that defendants' vacation of the premises was a breach, and plaintiff became entitled to rentals provided for the 3-year renewal term. He argues for a construction that paragraph 17, inserted by lessee in its favor, modifies paragraph 14 to give an option to renew for two years even though lessor may have given notice to defeat the automatic renewal. "If neither party has given notice under paragraph 14, it gives lessee another thirty (30) days to decide to reduce the renewal term from three (3) years to two (2) years."

Defendants-respondents' position is that renewal of the lease was governed by paragraph 17; that in absence of the renewal notice by defendants as there provided, the lease expired December 31, 1974. They argue that paragraph 17 prevails because it and paragraph 14 are inconsistent and irreconcilable, in which case typewritten paragraph 17 prevails over printed paragraph 14.

■ The rule of this case is stated, 51C C.J.S. Landlord and Tenant § 232(6):

"Effect should be given to both the written and printed provisions of the lease, if they are consistent with each other, or if they may be reconciled by a reasonable construction. However, if the different portions conflict, the written or typewritten portion controls the printed portion, and is entitled to the greater weight; and if the conflict is irreconcilable the written or typewritten portion will prevail."

See also 49 Am.Jur.2d, Landlord and Tenant, § 141; Belt Seed Co. v. Mitchelhill Seed Co., 236 Mo.App. 142, 153 S.W.2d 106, 110 (1941); School District No. 18 v. McClure, 224 S.W. 831, 833 (Mo. 1920); National Heater Co., Inc. v. Corrigan Co. Mech. Con., Inc., 482 F.2d 87, 89 (8th Cir. 1973). As stated, 17 Am.Jur.2d, Contracts, § 271:

"The reason greater effect is given to the written or typed part of an agreement than to the printed part of it, if they are inconsistent, is that the written or typed words are the immediate language and terms selected by the parties themselves for the expression of their meaning, while the printed form is intended for general use without reference to particular objects and aims."

See also Restatement, Contracts, § 236.

■ Plaintiff landlord submitted the printed form commercial lease containing in paragraph 14 a typical renewal provision favorable to the landlord, i. e., automatic renewal in absence of 90 days' written notice to terminate by the lessee. After negotiation, the parties agreed to insertion of typewritten paragraph 17 providing for renewal favorable to the tenant, i. e., auto-

matic expiration in absence of exercise of option to renew by the tenant. Printed paragraph 14 and typewritten paragraph 17 are thus inconsistent; and typewritten paragraph 17 prevails. Same constitutes the last expression of the parties' intentions.

Judgment affirmed.

All concur.