Fred B. LANG and Alice I. Lang, Appellants,

v.

Joseph BARCISZEWSKI, d/b/a Fox Barber Shop, Respondent.

No. 45086.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 26, 1982.

Allan F. Stewart, Clayton, Andrew H. Creglow, pro se, for appellant.

Judith Ronzio, St. Louis, for respondent.

Robert Brown, Arnold, for appellants.

Dana Hockensmith, Hillsboro, for respondent.

CRIST, Judge.

Action of unlawful detainer.

On August 1, 1978, Nora B. Dunn leased one-half of a two-unit building to respondent (lessee). Appellants (lessors) succeeded to the interest of Nora B. Dunn in and to such lease. On October 6, 1980, lessors attempted to effect a forfeiture of the lease when lessee failed to pay water bills for two months and water service was disconnected by the water company. The trial court found no forfeiture. We agree and affirm.

The facts were stipulated by the parties. One of the two units housed lessee's barbershop and the other housed Don Smith's donut shop. Both lessee and Don Smith rented from appellant. The two units in the building were serviced by the water company through one service connection. Lessee would receive and pay the water bills and Don Smith would then reimburse lessee for one-half of the amount of each month's water bill.

Prior to the weekend of October 4, 1980, lessee attempted to pay the two month's outstanding water bills due on the building. He did not know at that time a termination of water service was imminent. Despite his efforts, he was unable to pay the bills because the water company's office had moved and he did not have enough time to ascertain their new location. Lessee intended to locate the water company on Tuesday, October 7, 1980 and pay the water bills, but by that time, it was too late.

Shortly after midnight on October 6, 1980, Don Smith discovered the water service at his donut shop had been disconnected. The water company had disconnected for lessee's failure to pay the last two month's water bill. Smith, however, did not know the reason for disconnection at that time. So, upon discovering the problem, Smith immediately phoned lessor rather than fellow lessee. Lessor's sleep was interrupted by the call.

In response to Smith's problem, lessor went to the donut shop and ran a hose from his florist shop next door, to the donut shop so that Smith would have water for cleaning. He also gave Smith the key to the florist shop so he could enter and obtain water for cooking. Lessor then returned home to his bed. Later that day, it being Monday, and the lessee's barber shop being closed, lessors went to the water company office and found lessee had not paid the August and September water bills. Lessors paid the bills and water service was restored that same day.

Lessee first learned about the water problem when he came to work the next day, Tuesday, October 7, 1980. At that time, lessee reimbursed lessors for all water bills and disconnection expenses.

Lessee received a notice to terminate his tenancy soon after this. The notice was dated October 6, 1980. He had received similar notices on two prior occasions. It seems lessors desired to terminate the lease so the premises could be relet at a higher rate.

On this occasion, lessors argue that the interruption of sleep and the subsequent services offered by them to Don Smith gave them a legal right to the drastic and "unfavored" remedy of forfeiture of the lease. *See, Independence Flying Service, Inc. v. Abitz,* 386 S.W.2d 399, 404 (Mo.1965). Appellants, however, have no such right to forfeiture.

The lease has both a printed and a typed reference to "water." The printed reference states: "The lessee shall pay according to the rules and regulations of the water department for all water used in the demised premises." The typed provision states: "Lessee is to furnish themselves with all their own utilities (gas, lights, heat, water, telephone, etc.)"

While effect should be given to both the printed and typed portions of a lease, in the event of an inconsistency between the two, the typed portion prevails. *Norton v.*

*Insurance Services Office,* 570 S.W.2d 328, 329 (Mo.App.1978).

The typed portion of this lease allows the tenant to manage his own relationship with the water company. A disruption in that relationship due to an unintentional nonpayment of the water bills does not involve lessors, and certainly cannot be considered a breach giving rise to forfeiture of the lease. Although lessors offered some assistance to Don Smith during that portion of the day he was without water, this assistance caused little inconvenience to lessors. It can only be viewed as an act of neighborliness, as he has not shown that he was under a legal duty to act. Accordingly, we do not need to reach the issue of whether the reimbursement to lessors by lessee of the unpaid water bills and expenses associated with the disconnection was a waiver of any forfeiture. *See, Independence Flying Service, Inc. v. Abitz,* 386 S.W.2d 399, 405 (Mo.1965).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.